878 F.2d 379
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jessie ROSE, Widow of Guy T. Rose, Petitioner,
v.
WESTMORELAND COAL COMPANY, Director, Office of Workers'
Compensation Programs, Respondents.
 No. 88-1794.
 United States Court of Appeals, Fourth Circuit.
 Argued May 11, 1989.
Decided June 26, 1989.
 
 Henry Smith Keuling-Stout for petitioner.
 Ann Brannon Rembrandt (Laura E. Beverage, Jackson & Kelly on brief), Maria Christine Lisowski (Jerry G. Thorn, Acting Solicitor of Labor, Donald S. Shire, Associate Solicitor, Sylvia T. Kaser, for Appellate Litigation.
 U.S. Department of Labor, Office of the Solicitor on brief) for respondents.
 Before K.K. HALL and WILKINSON, Circuit Judges, and WILLIAMS, United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Jessie Rose ("claimant") petitions for review of the Benefits Review Board's ("BRB") affirmance of the Administrative Law Judge's ("ALJ") decision and order denying benefits under the Black Lung Benefits Act ("Act"), 30 U.S.C. Sec. 901 et seq. Because the ALJ failed to evaluate the claim under the presumption found at 20 C.F.R. Sec. 410.490, we reverse and remand.
 
 I.
 
 2
 Claimant's husband, Guy Rose, worked as a coal miner for the Westmoreland Coal Company. On August 28, 1976, after working a full shift for Westmoreland, Rose died in his sleep from a heart attack. No autopsy was performed, however, he had suffered a previous heart attack only four months earlier.
 
 
 3
 Claimant filed for survivor's benefits with the Social Security Administration ("SSA") on September 7, 1976. The claim was denied in July, 1977, and after review, was denied again by the SSA in July, 1980. The claim was then referred to the Department of Labor, which administratively determined that claimant was entitled to benefits. Westmoreland, as the responsible operator, controverted the claim and requested a formal hearing.[1]
 
 
 4
 At the formal hearing which was held in May, 1986, employment records established that between 1950 and 1976, Rose had worked a total of nine years and seven months for Westmoreland. In support of her claim, claimant introduced chest x-rays taken during three pre-employment examinations conducted by Westmoreland in 1955, 1959, and 1974. The 1955 film was read as showing early fibrotic changes; the 1959 film showed moderate pulmonary fibrosis and pneumoconiosis with silicotic changes; and the 1974 x-ray was read as lp simple pneumoconiosis. The 1974 film was reread by two B-readers who both concluded that it showed no evidence of pneumoconiosis. There were no blood gas or pulmonary function studies introduced at the hearing, however, claimant did present lay testimony of her husband's diminished capacity to perform his job.
 
 
 5
 Dr. George Kress, a pulmonary disease specialist, reviewed Rose's medical file, absent the two re-readings of the 1974 x-ray, and concluded that Rose had pneumoconiosis but was not totally disabled from the disease at the time of his death. After reviewing the reinterpretations of the 1974 film, Dr. Kress opined that his conclusion as to pneumoconiosis was now questionable; however, he continued to believe that Rose was not totally disabled at the time of his death. Dr. George Zaldivar, another pulmonary specialist, concluded upon review of Rose's complete file that it was unlikely that he suffered from pneumoconiosis and that pneumoconiosis could not have played any part in his death.
 
 
 6
 Based on this evidence, in an order issued March 20, 1987, the ALJ denied benefits. He reasoned that because Rose had not worked the requisite ten years to gain the benefit of the interim presumption found at 20 C.F.R. Sec. 727.203, to be entitled to benefits claimant had to prove that Rose was totally disabled due to pneumoconiosis at the time of his death under 20 C.F.R. Part 410. The ALJ then concluded that in light of the equivocal evidence of pneumoconiosis and the fact that Rose worked a full shift the day that he died, claimant had not proven her entitlement. On appeal, the BRB affirmed the findings of the ALJ as being supported by substantial evidence. This petition for review followed.
 
 II.
 
 7
 Claimant's only contention is that the failure of the ALJ and the BRB to evaluate her claim under the presumption found at 20 C.F.R. Sec. 410.490 was reversible error.[2] We agree.
 
 
 8
 In Broyles v. Director, O.W.C.P., 824 F.2d 327, 329 (4th Cir.1987), this Court held that for claims involving short-term miners (those with less than ten years of coal mine employment) that were filed prior to the promulgation of the permanent regulations found at 20 C.F.R. Part 718, the interim presumption of Sec. 410.490 must apply.[3] We reached this conclusion because the petitions in Broyles, just like this claim, involved short-term miners, who, because of their lack of ten years of service, could receive no benefit from the Labor Department's interim presumption, 20 C.F.R. Sec. 727.203. This case is on all fours with Broyles and should have been evaluated under Sec. 410.490.[4]
 
 
 9
 Westmoreland contends that this error does not require a remand because claimant's medical evidence cannot support invocation of the presumption. We find this contention meritless. The Sec. 410.490 presumption can be invoked if the claimant can produce x-ray evidence that the miner had pneumoconiosis at the time of his death. The evidence in this case could certainly support such a finding. However, making such a finding is, of course, the job of the ALJ, not this Court. Therefore, we remand this case to the BRB with instructions to remand to the ALJ for further proceedings consistent with this opinion.
 
 REVERSED AND REMANDED.[5]
 
 
 [1]
 Because Westmoreland failed to make payments on the claim, on September 1, 1981, the Black Lung Disability Trust Fund paid claimant a lump sum of $17,792.80. The Trust Fund has continued payments in the amount of $293.00 per month until the ALJ's denial of benefits
 
 
 [2]
 In her opening brief, claimant also contended that the Director, O.W.C.P., violated his duties under the Act by not assisting her in her appeal before the BRB. We do not address this contention because after the Director filed a brief in this Court supporting claimant's request for a remand, she conceded that the Director's duties had been fulfilled
 
 
 [3]
 Our holding in Broyles, as well as its underlying rationale, was recently affirmed by the Supreme Court in Pittston Coal Group v. Sebben, --- U.S. ----, 109 S.Ct. 414 (1988)
 
 
 [4]
 Westmoreland argues that because claimant did not raise the Broyles issue in her brief which, parenthetically, was filed before Broyles was decided, she should be precluded from raising the issue in this Court. We do not agree. Broyles was decided over one year before the BRB rendered its decision in this case and the Board's failure to apply Sec. 410.490 was a clear error of law
 
 
 [5]
 The costs of this appeal shall not be awarded until a final determination has been made concerning claimant's entitlement to benefits